UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BAN ATCHOO,

        Plaintiff,

v.                                         **DECISION AND ORDER**
                                                    10-CV-21S

REDLINE RECOVERY SERVICES, LLC,

        Defendant.

1.      Plaintiff Ban Atchoo commenced this action on January 8, 2010 by filing a Complaint in this Court alleging that Defendant Redline Recovery Services, LLC violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., when it attempted to collect a debt. (Docket No. 1, Pl's Compl.)[1]

2.      Thereafter, Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim. (Docket No. 4.)[2] In support, Defendant argues that Plaintiff "fails to specify the number of calls he [sic] alleges Defendant placed to her, nor does she allege whether she answered any of those calls." (Docket No. 4-2, Def's Mem., p. 4.) Defendant further argues that "Plaintiff failed to allege she owed a debt" and, as a result, dismissal is required. (Def's Mem., pp. 4-5.)

3.      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft

---

[1] This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

[2] Plaintiff submitted a memorandum of law in opposition to Defendant's motion. (Docket No. 6.)

1

v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.).

4. In this Court's view, Plaintiff's Complaint is plausible on its face. First, Defendant has presented this Court with no authority, nor has this Court found any upon its own review, indicating that, in order to state a claim under the FDCPA, a plaintiff must allege that the defendant made a certain number of phone calls. Rather, the FDCPA provides that the statute has been violated if the defendant "[c]aus[es] a telephone to ring or engag[es] any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). What is more, despite its argument, Defendant acknowledges that "[t]here is no magic number of phone calls that constitutes a violation of § 1692(d)5." (Def's Mem., p. 3.)

5. Second, the FDCPA contains no requirement that the plaintiff answer the phone. Instead, it is enough that the defendant merely causes the phone to ring continuously with the intent to annoy, abuse, or harass. See 15 U.S.C. § 1692d(5). Thus, Plaintiff's failure to allege whether she answered any of the calls is not fatal to her claim.

6. Lastly, Defendant is mistaken that Plaintiff failed to allege that she owed a consumer debt. In the Complaint, Plaintiff states that she "is allegedly obligated to pay a debt and [she] is a consumer as defined by U.S.C. § 1692a(3)." (Pl's Compl. ¶ 3.) Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied.

7. Defendant alternatively argues that, in the event this Court does not dismiss

the Complaint, it should direct Plaintiff to provide a more definite statement as to the factual allegations pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Def's Mem., pp. 5-6.)

8. "Rule 12(e) motions generally are disfavored because of their dilatory effect." Covington v. City of New York, No. 98 Civ. 1285, 1999 WL 739910, at *9 (S.D.N.Y. Sep. 22, 1999). "A motion pursuant to Rule 12(e) should not be granted unless the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 781-82 (S.D.N.Y. 2001). If a complaint complies with the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the Rule 12(e) motion should not be granted. Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc., No. 97 Civ. 0056, 1997 WL 598461, at *1 (S.D.N.Y. Sep. 25, 1997).

9. Here, in support of its alternative request, Defendant argues that Plaintiff fails to indicate: (1) when any actions in the Complaint occurred; (2) the number of calls; (3) the telephone number to which the calls were placed; and (4) whether Plaintiff actually answered the phone. (Def's Mem., p. 5.) Because this Court has already found that the first and third allegations are not necessary in order state a claim under the FDCPA, Plaintiff's failure to include those specifics in the Complaint does not render the pleading excessively vague or ambiguous. Further, Defendant is mistaken insofar as it contends that Plaintiff has not identified when the calls occurred or the number to which they were placed. For example, Plaintiff has alleged that "Defendant places collection calls to Plaintiff's cellular phone: 662-887-2711." (Pl's Compl. ¶ 14.) Lastly, Plaintiff alleges that the calls are presently ongoing: "Defendant constantly and continuously places collection

3

calls" (Id. ¶ 11); "Defendant places multiple collection calls to Plaintiff daily" (Id. ¶ 13). In short, this Court finds the Complaint is neither excessively vague, nor ambiguous and Defendant's alternative request is denied.

10. For the reasons stated above, Defendant's Motion to Dismiss is denied.


IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss (Docket No. 4) is DENIED.

FURTHER, that purusant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, Defendant shall file an answer within 14 days of the entry date of this Decision and Order.

SO ORDERED.


Dated: March 31, 2010
      Buffalo, NY

                                                  /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                  Chief Judge
                                         United States District Court